```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-61035-CIV-MARRA
                                 (03-60267-CR-MARRA)
                         MAGISTRATE JUDGE P.A. WHITE
```

EDWARD CALLEGARI,                :

    Movant,                  :      REPORT RE DISMISSAL
                                                        FOR FAILURE TO OBTAIN
v.                               :      AUTHORIZATION PURSUANT TO
                                                         28 U.S.C. §2244(b)(3)

UNITED STATES OF AMERICA,        :

    Respondent.              :
_____

    The _pro-se_ petitioner filed a "Petition for Redress of Grievances Under the United States Constitution". Despite the petitioner's statements to the contrary, this pleading is a successive motion to vacate pursuant to 28 U.S.C. §2255. On April 24, 1996, the habeas corpus statutes were amended. Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
>                         * * *
>
> (b)(3)(A) _Before a second or successive application permitted by this section is filed_

> <u>in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>        \*   \*   \*

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

>   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The petitioner alleges that his rights were violated by Assistant United States Attorneys Lavecchio and Swartz, who breached his plea agreement in case no. 03-60267-cr-Marra. The petitioner filed a prior motion to vacate in Case No. 06-60928-Civ-Marra, attacking this same criminal conviction. The motion to vacate was denied on February 13, 2007. A Certificate of Appealability was denied on January 7, 2008, case No. 07-12188.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

It is therefore recommended that this case be dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 29th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Edward Callegari, Pro Se
    Reg. No. 56114-004
    US Penitentiary
    Jonesville, VA
    Address of record